**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| Susan Knisely,<br><br>　　　　　Plaintiff(s),<br><br>vs.<br><br>Pam Bondi,<br><br>　　　　　Defendant(s). | **2:25-cv-00688-RFB-MDC**<br><br>**ORDER DENYING MOTION** |

　　　Pending before the Court is plaintiff's *Motion for Leave Emergency Motion – Personal Safety* ("Motion for Service") (ECF No. 18). Having reviewed the motion, the Court does not find that it constitutes an emergency under Fed. R. Civ. P. 87, nor sufficient grounds to order the US Marshal to complete service of process, as plaintiff appears to request. *See Erickson v. Pardus*, 551 U.S. 89, 94, 127 S. Ct. 2197, 167 L. Ed. 2d 1081 (2007) ("A document filed pro se is 'to be liberally construed[.]'"). Pursuant to Fed. R. Civ. P. 4(c)(3), "[a]t the plaintiff's request, the court may order that service be made by a United States Marshal or deputy marshal or by a person specially appointed by the court. The court must so order if the plaintiff is authorized to proceed in forma pauperis under 28 U.S.C. § 1915 or as a seaman under 28 U.S.C. § 1916." Plaintiff paid the full filing fee; therefore, plaintiff is not proceeding in forma pauperis. *See ECF No. 3.* Nor is plaintiff a seaman. Plaintiff has neither stated any reasonable grounds nor cited any authority to support her request for marshal service. *See LR 7-2(d)* ("The failure of a moving party to file points and authorities in support of the motion constitutes a consent to the denial of the motion.").

　　　ACCORDINGLY, **IT IS ORDERED that** the *Motion for Service* (ECF No. 18) is **DENIED**.

　　　DATED this 21st day of July 2025.

　　　IT IS SO ORDERED.

　　　　　　　　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　　　　　　　　Hon. Maximiliano D. Couvillier III
　　　　　　　　　　　　　　　　　　　　　　　　　United States Magistrate Judge

**NOTICE**

Pursuant to Local Rules IB 3-1 and IB 3-2, a party may object to orders and reports and recommendations issued by the magistrate judge. Objections must be in writing and filed with the Clerk of the Court within fourteen days. LR IB 3-1, 3-2. The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985).

This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983). Pursuant to LR IA 3-1, the plaintiff must immediately file written notification with the court of any change of address. The notification must include proof of service upon each opposing party's attorney, or upon the opposing party if the party is unrepresented by counsel. Failure to comply with this rule may result in dismissal of the action.